Filed 3/30/21  P. v. White CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B306077 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA095380) |
| v. | |
| DERRICK DEWAYNE WHITE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Victor L. Wright, Judge.  Affirmed.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

_____

Derrick Dewayne White pleaded no contest to one count of robbery (Pen. Code, § 211) and admitted he had been armed with a firearm during the offense (Pen. Code, § 12022.5, subd. (a)) pursuant to a negotiated agreement for a seven-year state prison term. After White failed to appear on his surrender date, the court sentenced White to nine years in state prison, imposing the upper term of five years for robbery, rather than the middle term of three years, and a consecutive term of four years (the middle term) for the firearm enhancement.

No arguable issues have been identified following review of the record by White's appointed appellate counsel or our own independent review. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

White was charged in a felony complaint filed December 23, 2016 with the robbery of Amanda Wilson and Alicia Cerda on December 13, 2016 with a special allegation as to both counts that he had personally used a handgun within the meaning of Penal Code section 12022.53, subdivision (b). A first amended felony complaint filed January 11, 2017 alleged that White and Scott Noble had committed both robberies. The amended complaint again alleged White had personally used a handgun during both offenses and alleged as to Noble a principal had been armed within the meaning of section 12022, subdivision (a)(1).

As established during the colloquy leading to White's plea, White and Noble agreed to rob Wilson and Cerda. While Noble, Wilson and Cerda were seated in Wilson's parked automobile, White opened a rear passenger door, removed a handgun from his waistband and said, "This is a robbery. Give me everything you have." White took a designer handbag containing $4,000 from

2

Wilson and smart phones from Cerda and Noble.  He later returned Noble's smart phone to him.

On May 31, 2018 White agreed to plead no contest to one of the robbery counts.  The court granted the prosecutor's motion to amend the complaint to allege White had personally used a firearm pursuant to Penal Code section 12022.5, subdivision (a), and White admitted the allegation. The court immediately sentenced White pursuant to the negotiated agreement to a seven-year state prison term, the middle term of three years for robbery and a consecutive term of four years for the firearm enhancement.  At the same time White also pleaded no contest to evading a peace officer (Veh. Code, § 2800.2), a charge from a separate case, and was sentenced to a concurrent term of 16 months for that offense.  The remaining robbery count and firearm-use allegations were dismissed.

The court agreed to continue White's surrender date to August 27, 2018 pursuant to what is known as a *Cruz* waiver.[1]  The court advised White, "Mr. White.  You have a right to start serving your sentence today.  Do you agree if the court continues

---

[1]  Penal Code section 1192.5 permits a defendant to withdraw a plea if the trial court disavows its approval of the plea agreement.  In *People v. Cruz* (1988) 44 Cal.3d 1247 the Supreme Court held the defendant retains this ability even if the trial court's disapproval of the plea agreement was prompted by the defendant's failure to appear for sentencing.  (*Id.* at pp. 1253-1254.)  However, a defendant may expressly waive his or her rights under section 1192.5 when entering the plea; and, "if the defendant willfully fails to appear for sentencing the trial court may withdraw its approval of the defendant's plea and impose a sentence in excess of the bargained-for term." (*Cruz*, at p. 1254, fn. 5.)  Thus, a *Cruz* waiver.

the surrender date until August 27, that if you fail to appear on that date for any reason, the court would no longer be bound by the sentence agreement and you could be sentenced to serve up to the maximum sentence, which is 15 years in prison?" White responded, "Yes, sir."

On August 27, 2018, with White present, the court continued the surrender date to September 28, 2018. White failed to appear on that date. White's counsel informed the court White's half-brother had been killed and White was attending the funeral services. The court issued a no-bail bench warrant.

White was arrested on a bench warrant pick-up in late October 2019 and appeared in court on October 31, 2019. At the sentencing hearing on January 30, 2020, White explained through counsel that his extended absence was the result of having been left as the sole responsible parent for his young child and he had been unable to arrange for the child's care. The court indicated it understood White's situation was difficult but stated it was White's responsibility to communicate with counsel and the court and see if some appropriate accommodation could be made. Absence for a year without contact was not appropriate.

Based on its finding of a violation of the *Cruz* waiver, the court sentenced White to a state prison term of nine years: the upper term of five years for robbery plus a consecutive middle term of four years for the firearm enhancement. The sentence for the other offense was left to run concurrently with the robbery sentence. White was awarded 174 days of custody credit.

White filed a notice of appeal on April 22, 2020.

## DISCUSSION

We appointed counsel to represent White on appeal. After reviewing the record, counsel filed a brief raising no issues. On

4

September 20, 2020 counsel wrote White and advised him he had 30 days within which to submit any contentions or issues he wished the court to consider.  We sent a similar notice to White on September 21, 2020.  We have received no response.

We have examined the record and are satisfied appellate counsel for White has complied with counsel's responsibilities and there are no arguable issues.  (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The judgment is affirmed.


PERLUSS, P. J.

We concur:


SEGAL, J.


FEUER, J.